The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY P. RUGGIERO II,

    Plaintiff,

v.

PUBLIC BENEFITS TRANSPORTATION
AREA OF SNOHOMISH COUNTY, doing
business as COMMUNITY TRANSIT,

    Defendant.

Case No. 2:23-cv-01125-BJR

**ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT**

## I.    INTRODUCTION

Plaintiff Anthony Ruggiero ("Plaintiff") filed this lawsuit against Defendant Public Benefits Transportation of Snohomish County, doing business as Community Transit, ("Community Transit") in July 2023. Dkt. No. 1. Thereafter, in November 2023, Plaintiff obtained a default judgment against Community Transit. Dkt. No. 14. Currently before the Court is Community Transit's Federal Rule of Civil Procedure 60(b)(4) motion to vacate the default judgment as void, which Plaintiff opposes. Dkt. Nos. 15 and 22. Having reviewed the motion, opposition, and reply thereto, as well as the record of the case and the relevant legal authority, the Court will grant the motion. The reasoning for the Court's decision follows.

ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT

- 1

## II.    BACKGROUND

On July 28, 2023, Plaintiff filed the instant lawsuit alleging violations of the Americans with Disabilities Act against Community Transit, a municipal corporation that operates transit services across Snohomish County, Washington. Dkt. No. 1. Plaintiff claims that he caused a copy of the summons and complaint to be served on Community Transit on August 12, 2023. Dkt. No. 6. As evidence of this, he filed a Proof of Service in which a process server attested to having "personally served the summons" on "Ric Ilgenfritz (CEO) or office assistant, COMMUNITY TRANSIT with identity confirmed by subject stating their name. … The individual appeared to be a blonde-haired white female contact 35-45 years of age, 5'6" – 5'8" tall and weighing 140-160 lbs." Dkt. No. 6 at Ex. A.

Community Transit failed to answer or otherwise respond to the complaint so, on September 19, 2023, Plaintiff moved for default against Community Transit. Dkt. No. 5. The Clerk of the Court enter default against the corporation on September 25, 2023, and Plaintiff moved for default judgment the next day. Dkt. Nos. 8 and 9. On November 13, 2023, the Clerk entered default judgment against Community Transit in favor of Plaintiff for $134,958.62. Dkt. No. 14.

Community Transit alleges that on February 10, 2025, a woman walked into its Everett office and handed the employee at the front desk a copy of an Abstract of Judgment issued by Snohomish County Superior Court on January 29, 2025 in the amount of $134,958.62 and told the employee that judgment was for the "head of payroll." Dkt. No. 18 at ¶ 4; Dkt. No. 16 at Ex. A. Community Transit claims that this is the first time it learned of this lawsuit or the default judgment against it. Dkt. Nos. 16-18, and 20. Thereafter, on March 7, 2025, Community Transit filed the instant motion to vacate the default judgment as void, alleging that Plaintiff failed to properly serve it.

ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT

- 2

1

### III.   LEGAL STANDARD

2        A district court may set aside a default judgment in accordance with Federal Rule of Civil

3   Procedure 60(b). *S.E.C. v. Internet Solutions for Business Inc.*, 509 F.3d 1161, 1164-65 (9th Cir.

4   2007). However, a default judgment is void, and therefore "must" be set aside under Federal Rule

5   60(b)(4), if the court that considered the judgment lacked jurisdiction over the parties due to lack

6   of proper service. *Id*. at 1165 (when a default judgment is void for lack of service of process, the

7   district court is "without its normal discretion" and must set aside the judgment); *see also Mason v.*

8   *Genisco Tech. Corp*., 960 F.2d 849, 851-52 (9th Cir. 1992) (a default judgment is void where a

9   plaintiff "failed to serve [defendant] properly"); *United States v. Oboh*, 2017 WL 11636165, *1

10  (C.D. Cal. Feb. 15, 2017) quoting *Carimi v. Royal Caribbean Cruise Line, Inc*., 959 F.2d 1344,

11  1345 (5th Cir. 1992) ("Where default 'is based on a void judgment under Rule 60(b)(4), the district

12  court has no discretion – the judgment is either void or it is not. If a court lacks jurisdiction ...

13  because of insufficient service of process, the judgment is void and the district court must set it

14  aside.'").

15       When, as here, a defendant challenges service, the plaintiff bears the burden of establishing

16  that service was valid under Federal Rule of Civil Procedure 4. *See Bank of New York Mellon as*

17  *Trustee for Registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2005-13 v. Loyo-*

18  *Morales*, 2022 WL 1616980, *1 (9th Cir. May 23, 2022). This burden may shift to the defendant if

19  it "had actual notice of the original proceeding but delayed in bringing the motion until after entry

20  of default judgment." *Internet Sols*., 509 F.3d at 1165. A signed proof of service "constitutes prima

21  facie evidence of valid service which can be overcome only by strong and convincing evidence."

22  *Id*. at 1166.

23

24  ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT

25  - 3

## IV.    DISCUSSION

Community Transit argues that Plaintiff did not serve its CEO, Ric Ilgenfritz, or his "office assistant" as alleged, and there is no evidence that Plaintiff served any other person authorized to accept service of process for Community Transit under the law. Therefore, Community Transit argues, the default judgment must be vacated as void under Federal Rule 60(b)(4). Plaintiff counters that the proof of service in this case is presumptively valid and Community Transit has failed to present evidence sufficient to overcome this presumption. Alternatively, Plaintiff argues, even if Mr. Ilgenfritz and his office assistant were not properly served, Plaintiff served another Community Transit employee who was authorized to accept service of process for the corporation. The Court will address each of Plaintiff's arguments in turn.

### A.    Community Transit Has Overcome the Presumption that Its CEO or His Office Assistant Was Served

As stated above, the process server attested to the fact that she served either Mr. Ilgenfritz or his office assistant at 5:20pm on August 14, 2023 at Community Transit's Everett office. She further described the individual she served as a white, blonde-haired, 35-45-year-old woman. Thus, the process server's own testimony eliminates the possibility that she served Mr. Ilgenfritz, a male. In addition, Mr. Ilgenfritz provided sworn testimony that he was not at Community Transit's Everett office on August 14, 2023 because he was attending a conference in Vancouver, Washington. Dkt. No. 17 at ¶ 4. The Court concludes that this contrary evidence more than overcomes the presumption that Plaintiff effected service of process on Mr. Ilgenfritz.

The Court also concludes that Plaintiff did not serve Melody Smith, Mr. Ilgenfritz's office assistant. Ms. Smith presented sworn testimony that she generally works from 8:00am to 4:30 or 4:45pm and only stays past 4:45pm when there are board meetings. Dkt. No. 20 at ¶ 4. She testified

ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT

- 4

that there was not a board meeting on August 14, 2023, so she had already left the premises at the time that the service allegedly occurred. *Id*. She also clarified that she is 5'5", has shoulder length brown hair, and was 52 years old on August 14, 2023. *Id*. at 3. Finally, she testified that she was not personally served with the summons and complaint in this lawsuit and had no knowledge of the case until after the Abstract of Judgment was delivered to Community Transit's office in February 2025. *Id*. at ¶¶ 5-6. The Court concludes that the foregoing testimony is sufficient to overcome the presumption of valid service evidenced by the signed Proof of Service.

### B.    Plaintiff Failed to Establish that He Served an Individual Authorized to Accept Service of Process on Behalf of Community Transit

While Mr. Ilgenfritz and Ms. Smith testified that they were not personally served with the summons and complaint in this lawsuit, another Community Transit employee, Rachel Woods, testified that sometime "in or around August 2023, [she] vaguely remember[s] being handed documents by a woman in the Community Transit parking lot as [she] was leaving work after [] business hours." Dkt. No. 19 at ¶ 3. Ms. Wood, who manages Community Transit's Executive Programs, testified that she "cannot now locate the documents to confirm what they were, and [she] never provided them to anyone else at Community Transit or mentioned having received them." *Id*. at ¶¶ 2 and 4.

Plaintiff argues that if the process server did not serve Mr. Ilgenfritz nor Ms. Smith, she must have served Ms. Woods, and this is sufficient to establish service of process on Community Transit. Community Transit counters that to the extent that the documents handed to Ms. Woods were the summons and complaint in this lawsuit, this is insufficient to effect service on the corporation because she was not authorized to accept service on behalf of Community Transit.

ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT

- 5

In Washington, municipal corporations like Community Transit must be served in accordance with RCW 4.28.080(9), which provides that service documents must be delivered to:

> The president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent.

RCW 4.28.080(9); *Crystal, China & Gold, Ltd. v. Factoria Ctr. Investments, Inc.*, 93 Wn. App. 606, 610 (1999) (the Washington Legislature has determined that "only persons holding certain positions can accept service on behalf of a corporation"); *Meadowdale Neighborhood Comm. v. City of Edmonds*, 27 Wn. App. 261, 264 (1980) ("When a statute designates a particular person or officer upon whom service of process is to be made in an action against a municipality, no other person or officer may be substituted.").

Plaintiff argues that RCW 4.28.080(9) provides a wide-ranging list of suitable individuals to accept service on behalf of a corporation and must be liberally construed to effect is purpose of accomplishing service and notice to the defendant. Plaintiff points out that Ms. Woods holds a managerial position, drafts and signs the minutes of Community Transit's board meetings, and is paid a salary of $144,882 a year. Therefore, Plaintiff argues, it is reasonable for this Court to infer that Ms. Woods understands "the workings of" Community Transit and "knows how to get important legal documents involving the corporation into the hands of those who will need to act on them." Dkt. No. 22 at 9.

The problem with Plaintiff's argument is at least two-fold. First, there is no concrete evidence that the documents handed to Ms. Woods were the summons and complaint in this case. She could have been handed something else entirely, after all, the process server testified that she served either Mr. Ilgenfritz or Ms. Smith, not Ms. Woods. Second, Plaintiff has failed to establish

ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT

- 6

1    that Ms. Woods' position is one that authorizes her to accept service on behalf of Community

2    Transit. For instance, Plaintiff argues that Ms. Woods reports directly to Mr. Ilgenfritz, but the

3    organizational chart he relies on to make this argument is from Community Transit's 2024-2029

4    Transit Development Plan—*i.e.*, it post-dates the alleged date of service. Thus, based on the

5    evidence before it, this Court cannot definitively conclude that Community Transit was properly

6    served, and as such, the default judgment must be set aside. *See, e.g., Enron Oil Corp. v. Diakuhara*,

7    10 F.3d 90, 96 (2d Cir. 1988) ("[W]hen doubt exists as to whether a default should be granted or

8    vacated, the doubt should be resolved in favor of the defaulting party."); *Davis v. DND/Fidoreo,*

9    *Inc.*, 721 A.2d 312, 316 (N.J. Super. Ct. App. Div. 1998) (internal quotation marks and citation

10   omitted) ("[I]f there is at least some doubt as to whether the defendant was in fact served with

11   process, ... the circumstances require a more liberal disposition of the motion [to vacate].");

12   *Weingeist v. Tropix Media & Entertainment*, 2022 WL 970589, *7 (S.D.N.Y. March 30, 2022)

13   (resolving doubt as to service in favor of defaulting defendant).

14          This is particularly true because the merits of this case have not been considered and there

15   is a strong preference for resolving disputes on the merits in the Ninth Circuit. *See, e.g., United*

16   *States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091-92 (9th Cir.

17   2010) ("judgment by default is a drastic step appropriate only in extreme circumstances"); *Falk v.*

18   *Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (default judgments are "appropriate only in extreme

19   circumstances; a case should, whenever possible, be decided on the merits"). Vacating the default

20   judgment does not deprive Plaintiff of the opportunity to pursue his claims. Instead, it simply

21

22

23

24   ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT

25    - 7

permits the matter to proceed through the normal course of litigation for a determination on the merits.[1]

## V.   CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff failed to effectuate service of process on Community Transit in accordance with Federal Rule 4. The default judgment is therefore void as a matter of law under Federal Rule 60(b)(4) and Community Transit motion to vacate default judgment is HEREBY GRANTED. The Court respectfully instructs the Clerk of the Court to re-open this matter.

DATED this 5th day of May, 2025.

Barbara Jacobs Rothstein
U.S. District Court Judge

---

[1]It is for these same reasons that the Court rejects Plaintiff's request that this Court uphold the default judgment as a sanction for Community Transit's alleged "spoliation" of evidence—*i.e.*, the fact that Ms. Woods cannot locate the documents that were handed to her.

ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT

- 8