The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY P. RUGGIERO II,

     Plaintiff,

v.

PUBLIC BENEFIT TRANSPORTAION AREA
OF SNOHOMISH COUNTY,

     Defendant.

NO. 23-cv-1125-BJR

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS**

## I.    INTRODUCTION

Plaintiff Anthony Ruggiero filed this lawsuit against Defendant Public Benefits Transportation of Snohomish County, doing business as Community Transit, ("Community Transit") asserting violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §§12101 to 12213 ("ADA"). Currently pending before the Court is Defendant's motion seeking dismissal with prejudice, ECF No. 31. Having reviewed the materials[1] and the relevant legal authorities, the Court will GRANT Defendant's motion. The reasoning for the Court's decision follows.

---

[1] Including the motion, ECF No.31; Plaintiff's response in opposition, ECF No. 33; and Defendant's reply, ECF No. 34; together with the Plaintiff's Complaint, ECF No. 1.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

 - 1

## II.  BACKGROUND

When ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). Plaintiff was hired by Defendant in April 1989 and had risen to the position of Journey Parts Person by 2021. Compl. ¶¶ 3.1, 3.3. In this role, he was "responsible for locating, purchasing, recording and dispensing parts and services to defendant's maintenance employees." *Id.* ¶ 3.3.

After declaring a state of emergency in February 2020 due to the outbreak of COVID-19 in Washington State, Governor Inslee signed the "Safe Start" proclamation requiring workers to wear face coverings, Plaintiff "provided a note from his medical provider indicating that his medical condition of facial seborrheic dermatitis prevented him from wearing a face mask." *Id.* ¶¶ 3.4, 3.5. Although the condition did not rise to the level of an ADA disability, Defendant accommodated Plaintiff's condition by instead requiring him to wear a face shield and use a company-provided Plexiglas barrier while at work. *Id.* ¶ 3.5.

By December 2020, COVID-19 vaccinations became available to the general public, and on September 28, 2021, Defendant announced it was adopting a mandatory vaccine requirement to become effective on January 1, 2022. *Id.* ¶ 3.7. Plaintiff contracted COVID-19 in October 2021, and on December 4, 2021, he submitted a request for exemption from the mandatory vaccination policy. *Id.* ¶¶ 3.8, 3.9. Plaintiff provided a statement from one of his medical providers "indicating he should not receive any of the COVID-19 vaccines due to certain vaccine contraindications and positive test results for SARS-CoV-2 antibodies (i.e. natural immunity)." *Id.* ¶ 3.9.

Defendant established a panel of three individuals to review Plaintiff's request for an exemption, and Plaintiff alleges that he was notified on December 7, 2021 that his exemption

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

request was accepted. *Id.* ¶ 3.10. Defendant's accommodation review panel and the Parts Inventory Manager then evaluated whether Plaintiff's position's essential duties posed a "significant risk of substantial harm to the health or safety of the individual or others that could not be eliminated or reduced by reasonable accommodation." *Id.* ¶ 3.11. Defendant determined that no reasonable accommodation could be made to reduce or eliminate the risk, the option of remote work was not available for a parts person, and there were no alternative vacant positions available for unvaccinated personnel. *Id.* ¶ 3.12. Plaintiff questioned why it was necessary to be vaccinated since he had contracted COVID-19 and possessed natural immunity, but he alleges that Defendant provided no response to his questions and terminated him because he was not vaccinated by the mandatory deadline. *Id.* ¶¶ 3.13-3.14, 3.16.

On September 21, 2022, Plaintiff timely filed a charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC"), and he received a Notice of Right to Sue on April 29, 2023. *Id.* ¶¶ 4.1, 4.2. Plaintiff filed this lawsuit on July 28, 2023, asserting an ADA violation. *Id.* ¶¶ 4.1-4.9. Thereafter, in November 2023, Plaintiff obtained a default judgment against Community Transit. ECF No. 14. In May 2025, this Court concluded that Plaintiff had failed to effectuate service of process on Defendant, voided the default judgment, and reopened the case to permit the matter to proceed through the normal course of litigation for a determination on the merits. ECF No. 25. Defendant filed the pending motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to plead a viable ADA claim.

### III.  LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is properly granted if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

- 3

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). When considering a motion to dismiss under Rule 12(b)(6), courts must accept the factual allegations in the complaint as true and construe such allegations in the light most favorable to the plaintiff. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-87 (9th Cir. 2018).

## IV.  DISCUSSION

The ADA prohibits employers from discriminating against employees based on a disability. 42 U.S.C. § 12112(a). To plead a discrimination claim based on an alleged wrongful termination, "the plaintiff must establish a prima facie case by showing that: (1) he is a disabled person within the meaning of the statute; (2) he is a qualified individual with a disability; and (3) he suffered an adverse employment action because of his disability." *Mayo v. PCC Structurals, Inc.*, 795 F.3d 941, 944 (9th Cir. 2015) (quoting *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001)). Defendant contends that Plaintiff has failed to plausibly plead the first element: that he is a disabled person within the meaning of the statute. Mot. 5.

"Disability" is defined by the ADA to include "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(1). This definition "shall be construed in favor of broad coverage, to the maximum extent permitted by this chapter." 42 U.S.C. § 12102(A). Major life activities include but are not limited

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

- 4

1    to: caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing,

2    lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating,

3    and working. 42 U.S.C. § 12102(2).

4          An impairment "substantially limits" a major life activity when an individual is either

5    unable to perform a major life activity or is "significantly restricted as to the condition, manner or

6    duration under which an individual can perform a particular major life activity as compared to . . .

7    the average person in the general population." 29 C.F.R. § 1630.2(j)(1). "An impairment need not

8    prevent, or significantly or severely restrict, the individual from performing a major life activity in

9    order to be considered substantially limiting. Nonetheless, not every impairment will constitute a

10   disability within the meaning of this section." 29 C.F.R. § 1630.2(j)(1)(ii).

11         Plaintiff alleges that he is a "qualified individual" because he could perform the essential

12   functions of his position with or without reasonable accommodation. Compl. ¶ 4.5.  And he alleges

13   that he tested positive for having contracted COVID-19, and therefore is a "qualified individual"

14   with a "disability" under the ADA. *Id.* ¶ 4.4. Plaintiff contends that his "physical impairment"

15   occurred when he contracted COVID-19 in October 2021, based on COVID-19 being a "contagious

16   disease" that qualifies as a disability because it "substantially limits the human respiratory function"

17   by impeding breathing. Opp'n 13.[2] He also argues that his decision to forgo getting vaccinated (he

18   did so, according to Plaintiff, because his doctor recommended against it) is not relevant in

19   determining whether he is someone suffering from a disability, nor is it relevant whether his bout

20    

21   [2] Plaintiff cites regulations under ADA Titles II (Public Services) and III (Public Accommodations and Services Operated by Private Entities) to support his arguments, but the Court notes that those Titles do not necessarily apply in the employment discrimination context (Title I). *See, e.g.*, *Zimmerman v. Oregon Dep't of Just.*, 170 F.3d 1169,

22   1173 (9th Cir. 1999) ("Congress unambiguously expressed its intent for Title II not to apply to employment."); *Hanson v. Oregon*, 557 F. Supp. 3d 1123, 1130 (D. Or. 2021) (confirming that the ADA "unambiguously limits employment

23   discrimination claims to Title I." (quoting *Mary Jo C. v. N.Y. State and Local Ret. Sys.*, 707 F.3d 144, 171 (2d Cir. 2013)).

24   ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

25   - 5

with COVID-19 was episodic or in remission. *Id.* at 14. Defendant argues that Plaintiff fails to allege a disability because his complaint includes no allegations regarding any negative effects of his contracting COVID-19, including no allegation that it affected his respiratory system or that it limited his abilities in any way. Reply 2-3.

The EEOC Guidelines, while not binding on this Court, provide helpful guidance regarding whether a person with COVID-19 has an actual disability, "because COVID-19 is not always a disability." EEOC, What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws, https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws (last updated May 15, 2023). The EEOC Guidelines recommend "[a]n individualized assessment" and "a case-by-case determination" of "whether the effects of a person's COVID-19 substantially limit a major life activity." *Id.*

Multiple courts across the nation have considered whether a person with COVID-19 has plausibly pleaded an actual disability in the context of an ADA claim. For example, in *Earl v. Good Samaritan Hospital of Suffern NY*, the court described what must be pleaded as follows:

> Generally, to sufficiently allege that an impairment interferes with a major life activity, a plaintiff must elaborate on whether the alleged impairment interfered with his alleged major life activity "*during the period of alleged discrimination by Defendants*." Further, the plaintiff's allegations must contain sufficient factual support for his or her purported limitations, such as describing in some "detail the frequency, duration, or severity of [his or her limitations]."

625 F. Supp. 3d 292, 304 (S.D.N.Y. 2022), *aff'd*, No. 22-2505-CV, 2023 WL 8708417 (2d Cir. Dec. 18, 2023) (citations omitted). Plaintiff in this case has made no such allegations in his complaint. Indeed, he has alleged only a benefit of natural immunity and made no allegations of negative effects whatsoever. He alleged no symptoms that limited any major life activities nor that he had any limitation as a result of having had COVID-19.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

- 6

In sum, Plaintiff's ADA claim fails because he has failed to allege an impairment that interfered with any major life activity. *See, e.g., Earl*, 625 F. Supp. 3d at 305 ("[E]ven when assuming that Plaintiff had all the alleged impairments he lists in the [complaint] during his employment [], he nonetheless fails to allege that such impairments substantially limited one or more of his major life activities."); *Whitebread v. Luzerne Cnty.*, No. 3:22-CV-00133, 2023 WL 349939, at *4 (M.D. Pa. Jan. 20, 2023) (holding that "mere infection with COVID-19 [], without noting symptoms or limitations stemming from the infection, does *not* qualify as an impairment under the ADA"); *West v. Scott Lab'ys, Inc.*, No. 22-CV-07649-CRB, 2023 WL 2632210, at *4 (N.D. Cal. Mar. 24, 2023), *aff'd*, No. 23-15502, 2023 WL 6172009 (9th Cir. Sept. 22, 2023) ("Federal courts have consistently held that COVID-19 is 'transitory and minor' and therefore not a disability under the ADA."(citing cases)); *see also Shklyar v. Carboline Co.*, 616 F. Supp. 3d 920, 926 (E.D. Mo. 2022) (holding that employee who was discharged for failing to comply with company-wide COVID-19 measures failed to plausibly state an ADA discrimination claim), *aff'd*, 2023 WL 1487782 (8th Cir. Feb. 3, 2023)).

Accordingly, because Plaintiff does not allege that he has a disability protected by the ADA, he does not state a discrimination claim. Further, because Plaintiff chose not to amend his complaint when given the opportunity to do so, does not now seek leave to amend, and it appears it would be futile to amend, the Court will dismiss Plaintiff's claim with prejudice. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

## V.   CONCLUSION

For the foregoing reasons:

1. Defendant's FRCP 12 Motion to Dismiss, ECF No. 31, is GRANTED with prejudice;

2. The Clerk is directed to CLOSE this case; and

3. Judgment will be entered by separate order.

DATED this 18th day of September 2025.

Barbara Jacobs Rothstein
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

- 8